## TOWN OF PALM BEACH v. LOEW.
No. 62-L-444.

Circuit Court, Palm Beach County, Criminal Appeal.
March 4, 1963.

Garrett & Garrett, Tampa, for appellant.

Burns, Middleton, Rogers & Farrell, Palm Beach, for appellee.

JAMES R. KNOTT, Circuit Judge.

The municipal court of the Town of Palm Beach found Floyd A. Loew guilty on a charge of disturbing the peace. He appeals, contending that the trial court committed error and that his conviction was unwarranted and unauthorized by law.

Appellant was a labor union representative who on the occasion of his arrest was holding a discussion with the operators of a restaurant in Palm Beach called the "Celebrity Room" in the course of an attempt to secure a labor contract. The men were standing in or near a paved entrance area being used by the restaurant's dinner hour patrons. Witnesses variously testified to the effect that appellant was "boisterous" and with "wild gesturing of the arms," in a "very loud, angry tone" and "very belligerent manner" employed language such as, "Don't think that any scabs are going to enter this place. They are going to get their heads broken if they do." The incident attracted the attention of passers-by and patrons of the restaurant, and as stated by one of the witnesses, "caused the crowd to stop and gather." Appellant in his testimony denied being guilty of conduct tending to disturb the peace.

It lay within the province of the trial court to evaluate the testimony and this court on appeal is not authorized to disturb its factual conclusions. The question presented is whether defendant's language and conduct as related by the witnesses could fairly be said in law to constitute a disturbance of the peace or was calculated to cause a breach of the peace. The trial court made the following observations —

"There has been testimony that there was a threat of some sort, not against the person to whom he was talking, but to other persons.

"There has been testimony that the words that were used, although not containing vulgarity, and not threatening the person they were addressed to, it was offensive to him. I think his behavior was offensive in some places, and would not be offensive in others.

"There is certainly nothing illegal about those activities of Mr. Loew insofar as the strike is concerned. It is perfectly proper to call a strike and to picket, but to create a disturbance is another matter."

The term "disturbing the peace," or its equivalent, "breach of the peace," is defined as follows —

"In general terms, a breach of the peace is a violation of public order, a disturbance of the public tranquility, by any act or conduct inciting to violence or tending to provoke or excite others to break the peace, or, as sometimes said, it includes any violation of any law enacted to preserve peace and good order. . . Nor is actual personal violence an essential element in the offense. . . . . By 'peace,' as used in the law in this connection, is meant the tranquility enjoyed by citizens of a municipality or community where good order reigns among its members, which is the natural right of all persons in political society." 8 Am.Jur. 834,835.

The observation of the trial court in the present case that the same behavior might be offensive in some places and not in others is recognized as valid by the authorities.

"An act which if committed at a certain place or time would not amount to a breach of the peace may constitute a crime if committed at another time or place and under different circumstances. In other words, whether or not a given act amounts to a breach of the peace can only be determined in the light of the circumstances attending the act, and the time and place of its commission." Id., 835.

It is a matter of common knowledge that Palm Beach is a unique and exclusive resort frequented by many persons of wealth and fame. Conduct which would hardly raise an eyebrow in a slum

area might well be considered a breach of the peace in such a community. In the light of these facts, this court fails to find error in the judgment of the trial court.

Accordingly, the judgment appealed is affirmed.